UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: Celsius Network LLC, et al.,

                              Debtors.

Cella Mlo

                              Appellant.                            25-cv-5632 (AS)

            -against-

                                                                    OPINION AND ORDER
Mohsin Y. Meghji, as litigation administrator,

                              Appellee.

ARUN SUBRAMANIAN, United States District Judge:

In this case, Cella Mlo appeals the denial of a motion to reconsider the disallowance of her claim. (Mlo's reply brief on this appeal was filed months late, but given her pro se status, the Court considers it.) Long story short, Bankruptcy Judge Glenn denied Mlo's claim in a detailed memorandum opinion that explained that Mlo's initial claim for CEL tokens was unsupported given the length and nature of Mlo's employment with Celsius, and her other theories of liability were not timely presented and didn't relate to the substance of her initial (timely) proof of claim for CEL tokens. In rendering its decision, the bankruptcy court explicitly considered all of the materials that Mlo had submitted, including the sur-reply brief that Mlo references in her appeal. *In re Celsius Network LLC*, 2025 WL 1490565 (Bankr. S.D.N.Y. May 23, 2025). Mlo didn't appeal the disallowance of the claim.

Mlo then filed a motion for reconsideration before the bankruptcy court, and mindful of Mlo's pro se status, the bankruptcy court evaluated it under the standards applicable under Fed. R. Bankr. P. 9023 and 9024, and Fed. R. Civ. P. 59(e) and 60(b), to determine whether there was any plausible basis for reconsideration of the court's decision. Again, in a detailed order, Judge Glenn addressed Mlo's arguments, noting that he had considered all the filings that Mlo had made at the time of the initial denial of the claim, and that any new information submitted by Mlo wouldn't have changed the calculus in terms of the court's decision, which was based on the fact that the new information did not relate to "the damages claimed in her proof of claim," and were simply an attempt to take a "second bite at the apple." *In re Celsius Network LLC*, No. 22-10964 (Bankr. S.D.N.Y.), Dkt. 8138 (June 10, 2025).

A bankruptcy court's denial of a motion for reconsideration is reviewed under the abuse of discretion standard. *In re Coudert Bros. LLP*, 673 F.3d 180, 186 (2d Cir. 2012). Reconsideration is justified where there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *In re Celsius Network LLC*, 2024 WL 4521045, at *2 (Bankr. S.D.N.Y. Oct. 17, 2024) (citations & quotations omitted).

Whether judged as an application under Rule 59(e) or Rule 60(b) and their related bankruptcy rules, there is no error in Judge Glenn's denial of Mo's motion for reconsideration. Even if viewed as an untimely challenge to the initial denial of Mlo's claim, Mlo fails to address the actual substance of Judge Glenn's thoughtful disposition.

The order of the bankruptcy court is affirmed. The Clerk of Court is respectfully directed to enter judgment for the appellee on this appeal. All pending motions are denied as moot.

SO ORDERED.

Dated: June 17, 2026
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

2